UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abdikarim Kulane,  Civ. No. 21-2052 (PAM/JFD)

    Plaintiff,

v.  **MEMORANDUM AND ORDER**

Great American Assurance Company,

    Defendant.

---

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. For the following reasons, the Motion is denied without prejudice.

## BACKGROUND

In November 2020, Plaintiff Abdikarim Kulane was hauling cargo with his Freightliner semi-trailer on I-35 in Kansas when a negligent driver caused an accident. (Compl. ¶ I.) Kulane suffered serious injuries in the accident, but the insurance policy for the motorist who hit Kulane is insufficient to cover Kulane's injuries. (Id. ¶ III.) Defendant Great American Insurance Company insured the semi, with underinsured motorist coverage ("UIM") of $1 million. (Id. ¶ IV.) Kulane sought underinsured motorist coverage from Great American, which denied his claim. (Id. ¶ V.) He then brought a declaration-of-coverage action in state court, and Great American removed the case to this Court.

Great American's claim denial asserted that the business-use exclusion in its policy excludes coverage. Kulane argues in this Motion that the Minnesota UIM endorsement in the policy requires Great American to provide coverage. Kulane also argues that if the policy's business-use exclusion precludes UIM coverage in this case, the exclusion is void

under Minnesota law. He seeks summary judgment on the legal issue of whether coverage exists. Great American argues that Kulane misconstrues the law and that in any event summary judgment is premature, and has filed an affidavit to that effect under Fed. R. Civ. P. 56(d). (Docket No. 21.)

**DISCUSSION**

The policy at issue is a "Non-Trucking Liability and Physical Damage Policy." (Barber Aff. Ex. 1 (Docket No. 14-1) at 6.) The named insured is Kulane; the carrier is listed as Central Trucking LLC. The policy excludes from coverage injuries arising out of accidents that occur "while the covered auto is being used in the business of any lessee or while the covered auto is being used to transport cargo of any type." (Id. at 16.) The policy specifies that uninsured and underinsured coverage is subject to the business-use exclusion; thus, if the semi is being used to haul cargo, the policy does not provide any coverage whatsoever. Kulane concedes that at the time of the accident he was hauling cargo. (Pl's Supp. Mem. (Docket No. 13) at 8.) Kulane also does not dispute Great American's assertion that federal law requires motor carriers such as Central Trucking to carry insurance on semis when hauling cargo. (Ritter Aff. (Docket No. 20) ¶ 8.)

Kulane's first argument is that, because the Minnesota UIM endorsement in the policy does not specifically exclude business use, the endorsement provides UIM coverage even when the semi is being used to cart to haul cargo. In other words, Kulane asserts that by not specifically referencing a business-use exclusion, the Minnesota endorsement overrides the general business-use exclusion in the policy and renders that exclusion inapplicable to UIM coverage. But the Minnesota UIM endorsement here provides that

2

the "provisions of the [policy] apply unless modified by the endorsement." (Barber Aff. (Docket No. 14) Ex. 1 at 34.) The endorsement does not address business use and thus does not modify the policy's business-use exclusion. Kulane is not entitled to summary judgment on this basis.

Kulane also argues that the No-Fault Act prohibits any vehicle insurance policy from excluding UIM coverage. Thus, Kulane contends that the policy's attempt to exclude UIM coverage is invalid under Minnesota law.

Minnesota's No-Fault Act provides: "No [insurance policy] may be renewed, delivered or issued for delivery, or executed in this state with respect to any motor vehicle registered or principally garaged in this state unless separate uninsured and underinsured motorist coverages are provided therein." Minn. Stat. § 65B.49, subd. 3a(1). And while "[p]arties to insurance contracts, as in other contracts, absent legal prohibition or restriction, are free to contract as they see fit, and the extent of liability of an insurer is governed by the contract they enter into," Bobich v. Oja, 104 N.W.2d 19, 24 (Minn. 1960), the Minnesota Supreme Court has made clear that the No-Fault Act "prohibit[s] excluding UIM coverage for the business use of a vehicle." Latterell v. Progressive N. Ins. Co., 801 N.W.2d 917, 921 (Minn. 2011).

Kulane relies heavily on Latterell but ignores the compelling public policy underlying the Minnesota Supreme Court's decision. In Latterell, an individual using his personal vehicle to make commercial deliveries was killed by an underinsured negligent driver. Id. at 919. The decedent's auto-insurance policy contained a broad business-use exclusion that the insurer invoked to deny UIM benefits. Id. The decedent's heirs were

3

thus left without recourse to recoup their losses that were far in excess of the negligent motorist's insurance liability limits—a classic UIM situation. See id. at 922 ("UIM coverage is triggered when a tortfeasor's liability coverage is insufficient to fully compensate the injured person for the actual damages sustained in an accident.")

The Minnesota Supreme Court explained that the "No-Fault Act's primary purpose is to ensure the availability of first-party benefits" such as UIM coverage. Id. Because a business-use exclusion in an auto-insurance policy might mean that the insured had no UIM coverage available, the court determined that "[t]he No–Fault Act requires every automobile insurance policy issued in Minnesota to provide a minimum amount of UIM coverage." Id. at 922. The court therefore held that the No-Fault Act rendered the business-use exclusion in the decedent's auto-insurance policy unenforceable. Id. at 926.

There are at least two reasons to think that the Minnesota Supreme Court's broad pronouncement on the availability of UIM insurance might not apply in a case such as this. The first is that the policy at issue is not an auto-insurance policy but rather a trucking-insurance policy. Great American persuasively argues that there are material differences between the two types of policies that make trucking policies such as Kulane's Great American policy not subject to Latterell's holding. The second, and related, reason is that the Great American policy is almost certainly not the only policy that covers Kulane or the semi in question. The motor carrier who engaged Kulane would have been required to carry insurance on the semi when it was engaged in the carrier's business. The fear in Latterell that a Minnesota motorist would be left without any UIM coverage is therefore not at issue here.

4

Ultimately, however, whether the policy reasons underlying <u>Latterell</u> dictate the result Kulane seeks in this Motion must await further factual development. Discovery may reveal that there are no other policies that provide UIM coverage in this situation, or it may reveal that Kulane is covered under one or more additional policies. The Motion will therefore be denied without prejudice as premature.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** the Motion for Partial Summary Judgment (Docket No. 11) is **DENIED without prejudice** under Fed. R. Civ. P. 56(d)(1).

Dated: <u>Friday, December 3, 2021</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge